# CHARLESTON.

## MILLER v. FEWSMITH LUMBER CO.

Submitted June 17, 1896—Decided Nov. 18, 1896.

**ATTACHMENT—AFFIDAVIT—PLEA IN ABATEMENT.**

A defendant in an action on contract, who fails or declines to make the counter affidavit prescribed by section 46 of chapter 125, that there is not, as he verily believes, any sum due from him to the plaintiff, *etc.*, is not thereby debarred from moving to quash the attachment sued out thereon by plaintiff, or from filing a plea in abatement denying the existence of the grounds for the attachment stated by plaintiff in his affidavit. Section 46 of chapter 125 and section 19 of chapter 106 are not inconsistent. The one relates to what is due on the debt, and for what amount, if any, judgment shall be rendered, the other relates to the method of enforcing payment.

VAN WINKLE & AMBLER for plaintiff in error:

I.—*Chapter 125 concerns Rules and Pleadings only. A defendant has clear right to make defense, unless debarred by statute, and section 46, chapter 125, so far as it cuts off defense, must be strictly construed.*—37 W. Va. 599.

II.—*The object of that statute is to prevent a defense to the matter of the declaration, unless the defendant swears he has a defense.*—38 W. Va. 632-3.

III.—*Construction must regard intent. Qui haerit in litera, haerit in cortice.*—15 W. Va., 131; 143 U. S. 457.

IV.—*Chapter 106 concerns attachments only. Chapter 135 gives separate review as to attachments.*—29 W. Va. 781.

V.—*The remedy is harsh and strictly limited.*—39 W. Va. 401; 38 W. Va. 600.

VI.—*The affidavit for attachment must show clear right to the writ.*—21 W. Va. 211; 29 W. Va. 720.

VII.—*A preference is not of itself fraudulent and can only be reached by creditors bill.*—40 W. Va. 324; Acts of 1895, Chap. 74.

VIII.—*No defense, or want of defense, to the merits of the suit bars the right to contest the attachment.*—39 W. Va. 722-3.

IX.—*Chapters 125 and 106 are upon different subjects. Each has defined limits outside of the sphere of the other. They do not touch, and can not be interblended by implication. If they seemed to conflict each must be construed to avoid interference.*

V. B. ARCHER for defendant in error, cited Code, c. 125, ss. 20, 46, 47; 10 W. Va. 507; Code c. 106, ss. 20, 25; 1 Enc. Pl. & Pr. 338, 348, 350, 352, notes; 38 W. Va. 633; 71 Ill. 44; 78 Ill. 605; 72 Ill. 101; 89 Ill. 389; 88 Ill. 34; 82 Ill. 493; 86 Ill. 57, 265; 83 Ill. 289; 87 Ill. 219.

HOLT, PRESIDENT:

Upon a writ of error to a judgment of the Circuit Court of Wood county rendered on the 26th day of February, 1896.

The plaintiff brought an action of debt against defendant on certain notes, aggregating eight hundred and fifteen dollars and seventy eight cents, and just before instituting this suit he, under chapter 106 of the Code, sued out an order of attachment on his claim against the property of defendant, which was levied upon certain property of defendant, real and personal.

Under section 46 of chapter 125, plaintiff had filed with his declaration in the action of debt an affidavit, stating the amount due and unpaid after deducting all payments, credits, *etc.*, giving the sum certain to which he was entitled. This being done, no plea could be filed, either at rules or in court, unless defendant filed his affidavit that nothing was due from him on plaintiff's demand, or that a certain less sum was all that was due, *etc.* This affidavit defendant

did not file, for the reason, no doubt, that the whole debt claimed was just, and he could not truthfully make any such affidavit, and did not desire or intend to contest it, but only the method of enforcing its payment, namely, by the attachment. With this end in view, defendant moved to quash the attachment as insufficient and unfounded; also presented and moved to file a plea denying the truth and existence of the facts set forth as the grounds of attachment; but the circuit court refused to allow defendant to contest the right to sue out the attachment by motion to quash, based upon the ground that the facts stated in the affidavit were not sufficient to authorize the issuing thereof, and that the affidavit was otherwise insufficient, or to file a plea in abatement denying the existence of the grounds for the attachment stated in the affidavit. Both of these methods of contesting the right to sue out an attachment are expressly given by section 19 of chapter 106 of the Code. In justification of this action of the court it is argued that the order of attachment is but ancillary to the suit; that when the suit fails the attachment fails with it. But it will hardly be contended that, where there is personal service of the writ in the suit, as in this case, when the attachment fails the suit fails with it; for the suit may go on to judgment, notwithstanding the attachment be quashed or abated. Defendant says plaintiff's claim is just, is wholly due and unpaid. Do counsel mean to say that, unless defendant swears that it is unjust, and not due from him to plaintiff, an attachment based upon an unfounded charge of fraud, and also insufficient on its face, levied upon his factory and material, to the stopping or breaking up of his business, can not be quashed or abated; that the charge of fraud can not be repelled; nor this outrage upon his rights be in any way met and resisted? We may be sure, on general principles, that a construction of these sections of the statute which leads to that is not the true construction. But section 46 of chapter 125 is plain enough, so far as it is here involved. It relates to the sum due from defendant to plaintiff upon the demand stated in the plaintiff's declaration, and has nothing to do with plaintiff's attempt to enforce its payment by resorting to the extraordinary power of attachment given by statute against

common right in certain specified cases. The one relates to whether plaintiff has any just claim at all against defendant, the other relates to his method of enforcing it; and, although he may defeat the attachment by showing that nothing is due, his defense is by no means confined to that, for the statute (section 19 of chapter 106) says: "The right to sue out an attachment may be contested, and, when the court is of opinion that the facts stated in the affidavit were not sufficient to authorize the issuing thereof, or that the affidavit is otherwise insufficient, judgment shall be entered that the attachment be quashed. If the defendant desire to controvert the existence of the grounds for the attachment stated in the affidavit, he may file a plea in abatement, denying the existence of such grounds, and the issue on such plea shall be tried by a jury unless the same be waived by the parties." This section 19 of chapter 106 and section 46 of chapter 125 do not conflict, but stand well together; at least so far as here involved.

It is said by counsel for defendant in error that this defendant, being a corporation, can only plead in abatement by its president, and can not appear by attorney; citing *Quarrier* v. *Insurance Co.* 10 W. Va. 507. To this two answers can be given; First, the case of *Woodell* v. *Improvement Co.* 38 W. Va. 23-27 (17 S. E. 386) and, second, this is a plea in abatement of an attachment— a wholly different plea to the ordinary technical common-law plea in abatement; and so we are invited by counsel for plaintiff in error to now pass upon the sufficiency of the attachment and of defendant's plea in abatement. This might be convenient, but this Court is acting solely as an appellate court, and not as a court of original jurisdiction.

The judgment and rulings complained of are reversed, and the cause remanded for further proceedings.